UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HANDSOMELAND, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SEATTLE, *et al.*,<br><br>    Defendants. | NO. C19-1764RSL<br><br>ORDER REQUIRING AMENDED COMPLAINT AND DENYING MOTION FOR APPOINTMENT OF COUNSEL |

On November 5, 2018, the Court granted plaintiff's motion to amend the complaint to substitute Roland Ma as plaintiff and directed Mr. Ma to show cause why this matter should not be dismissed pursuant to a bar order entered in the case of <u>Ma v. Dep't of Educ.</u>, C19-0399JCC, Dkt. # 92 at 2 (W.D. Wash. Aug. 23, 2019). Mr. Ma has now paid the outstanding filing fee in C19-0399JCC: the Order to Show Cause (Dkt. # 10) is therefore VACATED.

Mr. Ma shall, within fourteen days of the date of this Order, file an amended complaint with a corrected caption and any other changes necessitated by his substitution as the named plaintiff.

The Application for Court-Appointed Counsel filed on behalf of Handsomeland, LLC (Dkt. # 1-1 and # 6) is DENIED as moot now that Handsomeland, LLC, is not a party to this

ORDER REQUIRING AMENDED COMPLAINT
AND DENYING MOTION FOR APPOINTMENT
OF COUNSEL - 1

litigation. If Mr. Ma intends to seek appointment of counsel to represent him in his individual capacity, he should be aware that:

> Generally, a person has no right to counsel in civil actions. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir.2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). In addition, the party seeking appointment of counsel must show indigency: while permission to proceed in forma pauperis is evidence of indigency, this district also requires submission of a financial affidavit, found at https://www.uscourts.gov/forms/cja-forms/financial-affidavit. In this case, the filing fee was paid and no financial affidavit has been submitted. The praecipe filed by Mr. Ma on November 6, 2019, does not correct these deficiencies. Dkt. # 11.

Dated this 7th day of November, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REQUIRING AMENDED COMPLAINT
AND DENYING MOTION FOR APPOINTMENT
OF COUNSEL - 2