UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROLAND MA,

        Plaintiff,

    v.

CITY OF SEATTLE, *et al.*,

        Defendants.

NO. C19-1764RSL

ORDER DENYING MOTION TO SEAL

    This matter comes before the Court on plaintiff's "Ex-Parte Motion for Sealing or Restricting Case/Documents." Dkt. # 21. Plaintiff requests that access to the docket in this matter be limited to court users and case participants: he apparently fears that statements made or evidence produced in this litigation will be used against him in on-going state criminal proceedings. Having reviewed the motion and the remainder of the record, the motion is DENIED.

    In <u>Nixon v. Warner Commc'ns</u>, 435 U.S. 589, 597 (1978), the Supreme Court recognized a federal common law right "to inspect and copy public records and documents." The Ninth Circuit has made clear that this right extends to documents filed in civil cases and that there is a presumption in favor of public access. <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1134 (9th Cir. 2003). To overcome the presumption, plaintiff must provide a sufficiently

ORDER DENYING MOTION TO SEAL - 1

compelling reason for sealing a document or the case docket. Plaintiff has not met his burden. He acknowledges that police officers are permitted to conduct investigations and to review public records. He does not identify any improper use of the information submitted by the parties in this litigation, simply noting that what he says or submits here may be adverse to his interests in pending criminal proceedings. Plaintiff has not shown a compelling reason to prevent or prohibit public review of this case file, much less to interfere with a law enforcement investigation. Just as importantly, the requested relief would not prevent the harms plaintiff fears. Even if granted, the City of Seattle and the Seattle Police Department would still have access to the docket and materials filed herein.

In addition, ex party motions are rarely justified. Safeguards that have evolved over many decades are built into the civil rules of procedure and generally require that the opponent have notice and an opportunity to be heard. Procedures and timetables for the submission of motions, responses, and replies "are intended to provide a framework for the fair, orderly, and efficient resolution of disputes. Ex parte applications throw the system out of whack." In re Intermagnetics Am., Inc., 101 B.R. 191, 193 (C.D. Cal. 1989). See LCR 7. They deprive the opponent of a meaningful opportunity to participate and deprive the Court of the benefits of the adversarial system. Seeking relief from the Court without input from both sides is justified only where the moving party will be irreparably harmed or prejudiced if the non-moving party is given notice of the request or the motion is heard according to the regular motions calendar. The moving party must also show that it played no part in creating the exigency that requires immediate, ex parte relief.

//

ORDER DENYING MOTION TO SEAL - 2

For all of the foregoing reasons, plaintiff's motion to seal the docket in this case is DENIED.

Dated this 14th day of November, 2019.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO SEAL - 3