UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROLAND MA,

        Plaintiff,

v.

CITY OF SEATTLE, *et al.*,

        Defendants.

NO. C19-1764RSL

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND STAYING CASE

This matter comes before the Court on plaintiff's application for Court-appointed counsel. Dkt. # 19.

Generally, a person has no right to counsel in civil actions. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). In addition, the party seeking appointment

ORDER DENYING MOTION FOR APPOINTMENT
OF COUNSEL AND STAYING CASE - 1

of counsel must show indigency.

Plaintiff alleges that the City of Seattle and the Seattle Police Department violated his rights under the Fourth Amendment to the United States Constitution by conducting a warrantless search[1] of his apartment on October 2, 2019, searching and seizing his vehicle on October 12, 2019, and searching and seizing his cell phone incident to an arrest. Dkt. # 13 at 4; Dkt. # 14 at 2. The claims are not particularly complex, and plaintiff has shown familiarity with both the law and the facts underlying his claims. So far in this litigation he has filed an amended complaint, appended a number of supporting declarations, and registered for electronic filing privileges. Whatever the merits of plaintiff's claims, he appears capable of litigating them without the aid of counsel.

The record is insufficient to support a finding of indigency. Plaintiff paid the filing fee in this case and paid an additional filing fee to clear a bar order entered against him in Ma v. Dep't of Educ., C19-0399JCC. His financial affidavit identifies over $900/month in income, with no monthly expenditures. Dkt. # 20 at 1. While he indicates that he owns no real estate or automobiles, the evidence submitted with the amended complaint shows that he lives in a condominium on 2nd Avenue in Belltown (Dkt. # 14 at 27) and drives a 2019 Volkswagen Jetta (Dkt. # 14 at 29). The record also suggests that he has an ownership interest in two corporations, Handomeland LLC and Catland LLC. The Court is unable to justify imposing the costs of this litigation on another when there is significant evidence that plaintiff has the financial wherewithal to self-finance this litigation.

---

[1] The "key release" notice provided with the complaint indicates that the officer presented a warrant at the time of the search. See Dkt. # 14 at 27.

ORDER DENYING MOTION FOR APPOINTMENT
OF COUNSEL AND STAYING CASE - 2

Finally, plaintiff asserts that he must have counsel appointed to represent him because one of the conditions of his pretrial release in state court is that he will have "No contact with City or the SPD except through his attorney." Dkt. # 13 at 4; Dkt. # 14 at 31. This fact has no impact on the analysis under § 1915(e)(1): it does not show indigency, nor does it reflect on the merits of plaintiff's claims or his ability to articulate those claims. It does, however, raise concerns for the undersigned. The Municipal Court of the City of Seattle found "a substantial likelihood that the defendant will commit a violent crime, interfere with witnesses or [interfere with the] administration of justice" and has barred him from contact with defendants in this case in order to reduce that likelihood. Dkt. # 14 at 31. Unless and until the "no contact" condition is lifted or plaintiff obtains counsel to represent him in this case, prosecution of this litigation will put plaintiff in direct violation of the Municipal Court order.

For all of the foregoing reasons, plaintiff's motion for appointment of counsel (Dkt. # 19) is DENIED. This matter is hereby STAYED until an attorney appears in this matter to represent plaintiff or plaintiff provides evidence that the "no contact" provision is no longer in effect.

Dated this 4th day of December, 2019.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR APPOINTMENT
OF COUNSEL AND STAYING CASE - 3