1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROLAND MA,

              Plaintiff,

        v.

CITY OF SEATTLE, *et al.*,

              Defendants.

NO. C19-1764RSL

ORDER EXTENDING TIME TO
RESPOND

      This matter comes before the Court on defendants' "Motion for Extension of Time to Answer or Otherwise Plead." Dkt. # 40. Defendants appeared in this lawsuit on January 31, 2020, in response to plaintiff's application for entry of default. They request additional time in which to respond to the complaint, citing the need to evaluate the legal sufficiency of plaintiff's claims, apparent inadequacies in the service of the complaint and summons, and counsel's upcoming travel plans. Plaintiff opposes the request on the grounds that defendants have known of his complaint for months and that counsel's travel plans do not justify the requested extension. Dkt. # 41.

      Having reviewed the submissions of the parties, the request for an extension of time is GRANTED. Service of the summons and complaint pursuant to the procedures set forth in Federal Rule of Civil Procedure 4 is a jurisdictional prerequisite:

ORDER EXTENDING TIME TO RESPOND - 1

1
2
3
4
5
6
7
8

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-445 (1946). Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.

9
10
11
12
13

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Counsel will be given a reasonable amount of time outside of his travel schedule to investigate the adequacy of service and the sufficiency of plaintiff's claims. Defendants shall have until March 6, 2020, to answer or otherwise respond to the complaint.

14
15

Dated this 5th day of February, 2020.

16
17

*MRS Lasnik*

Robert S. Lasnik
United States District Judge

18
19
20
21
22
23
24
25
26
27
28

ORDER EXTENDING TIME TO RESPOND - 2