UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROLAND MA,

        Plaintiff,

    v.

CITY OF SEATTLE, *et al.*,

        Defendants.

NO. C19-1764RSL

ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL

    This matter comes before the Court on plaintiff's second application for Court-appointed counsel. Dkt. # 50 and 52.

    Generally, a person has no right to counsel in civil actions. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). A party seeking appointment of counsel at

ORDER DENYING MOTION FOR APPOINTMENT
OF COUNSEL AND STAYING CASE  - 1

another's expense must, as an initial matter, show indigency.

Plaintiff failed to provide any information from which the Court could conclude that he is indigent. Rather than provide the required Financial Affidavit, plaintiff notes that he has been permitted to proceed in forma pauperis ("IFP") in other civil cases.[1] In searching for the unidentified cases, it became clear that plaintiff has made varying statements regarding his finances over the past two years, with the IFP determination depending on his then-representations. The Court will not guess what plaintiff's financial resources are at this time or assume that he is indigent given the varying accounts in the records of this district.

The Clerk of Court is directed to renote plaintiff's application for appointment of counsel (Dkt. # 50) on the Court's calendar for Friday, April 17, 2020. Plaintiff shall, on or before that date, file a thorough, complete, and accurate Financial Affidavit in the form attached to this order and signed under penalty of perjury.

Dated this 2nd day of April, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The right to counsel in criminal cases is more robust than in civil cases.

ORDER DENYING MOTION FOR APPOINTMENT
OF COUNSEL AND STAYING CASE  - 2