UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROLAND MA,

Plaintiff,

v.

CITY OF SEATTLE, *et al.*,

Defendants.

NO. C19-1764RSL

ORDER DECLINING TO APPOINT COUNSEL, GRANTING DEFENDANT'S MOTION TO DISMISS, GRANTING LEAVE TO AMEND, AND STAYING CASE

This matter comes before the Court on plaintiff's second application for Court-appointed counsel (Dkt. # 50 and 66), defendant's motion to dismiss (Dkt. # 55), and defendant's motion to stay (Dkt. # 58).

> Generally, a person has no right to counsel in civil actions. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). A party seeking appointment of counsel at

another's expense must, as an initial matter, show indigency. Now that plaintiff has provided information regarding his financial situation, the Court turns to the other factors in determining whether "exceptional circumstances" exist in this case that would justify appointment of counsel.

Plaintiff's Amended Complaint (Dkt. # 13) is the operative pleading in this matter. In it, plaintiff provides pages of case law delineating when a warrantless search is considered reasonable or unreasonable under the Fourth Amendment.[1] Plaintiff then alleges that Detective Sandbeck of the Seattle Police Department obtained a search warrant and seized plaintiff's electronic devices in July 2019, that the same officer searched and seized plaintiff's cell phone without a warrant as part of an arrest in October 2019, and that Detective Smith (also, presumably, of the Seattle Police Department) conducted a warrantless and unreasonable search and seizure of plaintiff's vehicle while it was "parked within a residence's curtilage." Dkt. # 13 at 1 and 4. Plaintiff alleges that these facts establish violations of his Fourth Amendment rights. He seeks an injunction preventing the Seattle Police Department from conducting warrantless searches and/or seizures in the future and an order directing the City of Seattle to return his devices to him.

The sparse facts alleged do not give rise to a plausible inference that the search and tow of his vehicle in October 2019 were unreasonable. The assertion that the vehicle was "within a

[1] Plaintiff also asserts that a State must prove each element of a crime beyond a reasonable doubt in a criminal proceeding and that the evidence must be viewed in the light most favorable to the State when a criminal defendant challenges the sufficiency of the evidence against him. These claims are unrelated to the relief requested in the Amended Complaint. To the extent plaintiff is complaining of a legal wrong allegedly committed by the state court or otherwise seeking relief from the judgment of that court, the claim is a *de facto* appeal forbidden by the *Rooker–Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003)

residence's curtilage" is wholly conclusory. It is also vague. Plaintiff must allege facts showing that the area in which his car was parked when it was searched and/or towed was "physically and psychologically" linked to his home in a way that gave rise to a heightened expectation of privacy. Dkt. # 13 at 3. Similarly, the bare allegations regarding the July and October seizures of plaintiff's electronic devices are as consistent with lawful activity as with unlawful activity: Detective Sandbeck apparently had a warrant in July 2019, and plaintiff's cell phone was seized in October 2019 as part of the booking process.

More importantly, it appears that plaintiff has named only the City of Seattle as a defendant in this case (despite the inclusion of "et al." in the caption of the Amended Complaint). Plaintiff has not alleged any facts which could give rise to a reasonable inference that an official policy or practice of the City of Seattle in some way caused the constitutional torts of which he complains. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor . . . ).

In opposition to defendant's motion to dismiss, plaintiff argues that the City's reliance on *Monell* and other cases involving 42 U.S.C. § 1983 is misplaced because he is actually asserting claims under 42 U.S.C. § 1981. He also argues that the City is liable under theories of fraudulent inducement and negligence. None of these claims has been adequately alleged in the Amended Complaint: a review of the allegations and case law discussed in that document would not put defendant (or the Court) on reasonable notice that these claims were in the offing.

//

For all of the foregoing reason, the Court finds as follows:

(1) Plaintiff's second motion for appointment of counsel (Dkt. # 50 and # 66) is DENIED. Plaintiff is capable of articulating his claims, but has not alleged sufficient facts to raise an inference of liability on the part of the City of Seattle.

(2) Defendant's motion to dismiss (Dkt. # 55) is GRANTED. Plaintiff will, however, be given an opportunity to amend his complaint to remedy the deficiencies identified in this Order and, if he believes it to be appropriate, to add additional causes of action. In drafting his second amended complaint, plaintiff should focus on stating facts which give rise to a reasonable inference that each named defendant can be held liable under each cause of action asserted against him/it. Plaintiff's second amended complaint must be filed on or before May 29, 2020. Failure to do so will result in entry of judgment against him.

(3) Defendant's motion to stay (Dkt. # 58) is GRANTED. This matter is hereby STAYED until fourteen days after plaintiff files his second amended complaint. If defendant files a motion to dismiss directed at the amended pleading within those fourteen days, this matter will remain stayed until the second motion to dismiss is resolved.

Dated this 4th day of May, 2020.

Robert S. Lasnik
United States District Judge