1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| ROLAND MA, | Case No.: 2:19-cv-01764-RSL |
|---|---|
| Plaintiff, | |
| vs. | MOTION FOR TEMPORARY RESTRAINING ORDER (TRO) |
| CITY OF SEATTLE, ET ANO., | |
| Defendants. | Fed. R. Civ. P. 65 ; LCR 65 |

I.   MOTION

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure ("FRCP") and Local Rule (LCR) 65, Plaintiff, Roland Ma, acting in Pro Se, hereby applies to this Court for a temporary restraining order ("TRO") with other equitable relief. In support of the motion, Plaintiff states as follows of all allegation of facts:

II.   FACUTUAL BACKGROUND

**WHEREAS,** the City of Seattle (the "City") failed to train their officer properly in accordance to the Seattle Police Manual Section 5.010: "…No employee shall volunteer to aid any private party in any manner in a civil action, and no employee shall participate in any manner in a civil action except as provided by Department policy and due process of law." When the City failed to train their employees it will continue to create irreparable injury, loss, or damage. An example would be Detective Sandbeck appears in

MOTION FOR TEMPORARY RESTRAINING ORDER (TRO) - 1

**Roland Ma**
PO Box 9722
Seattle WA 98109
📞(206) 415-1234
(206) 426-1234

Court for a civil action, released his findings of a criminal investigation, which the City has no objection to this part (See Dkt. #78) that the incident is true but inserted affirmative defenses to the allegation of facts.

**WHEREAS,** When the Office of Police Accountability (OPA) determined the abovementioned incident is a violation to the Seattle Police Manual, the City did not take it seriously, other than providing more video training as part of the corrective actions. A true and correct copy of the additional training is hereby attached as Exhibit A.

**WHEREAS,** the City failed to take appropriate corrective action against its employees, Detective Sandbeck once again violated the Seattle Police Manual Section 7.060 and 7.110, by releasing evidences that has been seized to a person known to be Mr/Mrs. Hoovler. A true and correct copy of the screenshot is hereby attached as Exhibit B.

**WHEREAS,** when the City continues to omit the recommendations submitted by the OPA, this has caused Plaintiff's information exposed to the public, at least to Mrs. Hoovler, which includes but is not limited to, consumers' bank account, credit card, driver's license information, the names of consumer's bank, consumers' date of birth, and even the information of his residence. This exposure of Plaintiff's sensitive information has placed Plaintiff and other consumers at substantial risk of identity theft and concomitant financial account fraud, invasion of privacy, and job loss.

**WHEREAS,** as a result of the foregoing, especially when the City continues to omit the fact that their employees requires proper training and make all actions adhere with the Seattle Police Manual. Due to the poor training by the City, without corrective actions to the prior incident, this caused Det. Smith entered Plaintiff's residence without a

MOTION FOR TEMPORARY RESTRAINING ORDER (TRO) - 2

**Roland Ma**
PO Box 9722
Seattle WA 98109
(206) 415-1234
(206) 426-1234

valid search warrant dated October 2nd, 2019 at 8:40am, and seized the Surface Go away without even leaving an inventory list.

**WHEREAS,** if the City had properly trained their employees, this would not cause any types of invasion by Det. Soldati into Plaintiff's garage and attempted to open the door of the vehicle with an unknown intention, which is dated on September 30, 2019 at 01:15 p.m. If the City had properly trained their employees, then the repealed stalking charge under Seattle Municipal Code 12A.06.035 should not even be presented and caused all the emotional distress afterwards.

### III.   PRAYER OF RELIEF

Plaintiff therefore seeks a TRO for two (2) weeks while pending the Court to determine the merits of the case, especially with two pending pre-trial motions, (1) Plaintiff's motion for leave to amend/add additional parties, and (2) Defendants' second motion to dismiss (or summary judgement) and object to add additional parties.

a. Temporarily restraining and enjoining Det. Sandbeck, Det. Smith, and Det. Soldati from disclosing any Protected Information without first implementing reasonable safeguards to maintain and protect the privacy, security, confidentiality, and integrity of such Protected Information;

b. Temporality restraining and enjoining Det. Sandbeck, Det. Smith, and Det. Soldati from disclosing or benefiting from any Protected Information that any Defendant(s) disclosed prior to date of entry of TRO and without having implemented reasonable safeguards to maintain and protect the

MOTION FOR TEMPORARY RESTRAINING ORDER (TRO) - 3

**Roland Ma**
PO Box 9722
Seattle WA 98109
📞(206) 415-1234
📠(206) 426-1234

privacy, security, confidentiality, and integrity of such Protected Information;

c. Requiring all Defendants, including Det. Sandbeck, Det. Smith, and Det. Soldati, immediately take steps to ensure that the Protected Information on any website, blog, or social media service is no longer viewable or accessible by persons using the Internet; prevent the alteration, destruction, or erasure of any Internet content, servers, or websites that could be posted by 3rd parties (e.g. Mr/Mrs. Hoovler);

d. Requiring all Defendants, including Det. Sandbeck, Det. Smith, and Det. Soldati, to provide notification to each person whose Protected information they disclosed without implementing and using reasonable safeguards to maintain and protect the privacy, security, confidentiality, and integrity of such Protected Information;

e. Restraining and enjoining Defendants, Det. Sandbeck, Det. Smith, and Det. Soldati, Mr&Mrs. Hoovler, and the estate of Mrs. Dolgoff from destroying or concealing documents obtained directly from Det. Sandbeck;

f. Authorizing expedited discovery for the purpose of discovering illegal actions taken by Det. Sandbeck, Det. Smith, and Det. Soldati.

g. Requiring Defendants to show cause why this Court should not issue a temporary relief pending an adjudication on the merits; and

h. Providing for other applicable equitable relief that is appropriate.

MOTION FOR TEMPORARY RESTRAINING ORDER (TRO) - 4

**Roland Ma**
PO Box 9722
Seattle WA 98109
☎(206) 415-1234
📠(206) 426-1234

WHEREFORE, Plaintiff respectfully requests that this Court grant this motion for two (2) weeks prohibiting further damages especially from Detective Sandbeck.

### IV.   CERTIFICATION OF SERVICE

Pursuant to Fed. R. Civ. P. 65(b) and Local Civil Rule 56, Plaintiff had provided actual notice to Defendants more than twenty-four (24) hours in advance, and opposing counsel, Mr. Maxey had immediately objected the proposed TRO via email dated May 29, 2020, and stated that: "…To the degree you intent to seek a TRO in our federal case, I absolutely oppose it.  Such action is unwarranted and would simply be an abuse of process."

Dated this 30th day of May, 2020.

*rolandma*
Roland Ma, Plaintiff
Acting in Pro Per

MOTION FOR TEMPORARY RESTRAINING ORDER (TRO) - 5

**Roland Ma**
PO Box 9722
Seattle WA 98109
📞(206) 415-1234
📠(206) 426-1234