UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND MA,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF SEATTLE, *et al.*,<br><br>            Defendants. | NO. C19-1764RSL<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

On May 4, 2020, the Court dismissed plaintiff's claims and granted leave to amend his complaint to state facts which give rise to a reasonable inference that the named defendant(s) can be held liable under each cause of action asserted against him/it. Dkt. # 72 at 4. Plaintiff filed his second amended complaint (Dkt. # 73) and a request to amend the amendment (Dkt. # 77) within the time allowed. Defendants moved to dismiss the second amended complaint (Dkt. # 78) and, by operation of the Court's May 4, 2020, Order, this litigation is stayed until the motion to dismiss is resolved (Dkt. # 72 at 4).

On May 30, 2020, plaintiff filed a motion for a temporary restraining order (Dkt. # 80) seeking to enjoin three Seattle Police Officers from sharing or benefitting from his confidential information, to require the City and the three Officers to take affirmative steps regarding his confidential information, to enjoin the City, the three Officers, and two other persons/entities

ORDER - 1

from destroying evidence, and to authorize expedited discovery. Most of the persons/entities against whom plaintiff seeks injunctive relief are not parties to this action, and the actions plaintiff seeks to enjoy or compel are not the subject of, and appear to be only tangentially related to, the claims asserted.

In order to obtain a temporary restraining order or a preliminary injunction, plaintiff must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). In addition, "serious questions going to the merits and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1053 (9th Cir. 2010) (internal quotation marks omitted).

Plaintiff has not met his burden, and the Court need not await defendant's response before resolving the motion for temporary restraining order. As discussed above, plaintiff's earlier complaint failed to state a claim upon which relief could be granted, and this matter is stayed until the Court can resolve the pending motion to dismiss the amended pleading. Plaintiff has not provided any evidence or argument showing that he is likely to succeed on any claim that could justify the injunctive relief requested (particularly against non-parties who are not currently before the Court). Nor has he shown that he is likely to suffer irreparable injury in the absence of injunctive relief: an alleged violation of department policy in the past does not suggests - much less makes likely - the repetition of such conduct in a way that would cause plaintiff injury.

//

ORDER - 2

For all of the foregoing reasons, plaintiff's motion for a temporary restraining order is DENIED.

Dated this 1st day of June, 2020.

*MrT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER - 3