1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROLAND MA,

              Plaintiff,

       v.

CITY OF SEATTLE, *et al.*,

            Defendants.

NO. C19-1764RSL

ORDER OF DISMISSAL

     This matter comes before the Court on plaintiff's third application for Court-appointed counsel (Dkt. # 74), plaintiff's request for leave to further amend the complaint to add Detective Derek Sandbeck as a defendant (Dkt. # 77), and defendant's motion to dismiss the amended complaint (Dkt. # 78).

     On May 4, 2020, the Court dismissed plaintiff's claims, finding that his sparse factual allegations did not give rise to a plausible inference of a constitutional violation and that he had failed to identify an official policy or practice of the City of Seattle that caused the acts of which he complained. Dkt. # 72. Plaintiff was given leave to amend his complaint and advised that he "should focus on stating facts which give rise to a reasonable inference that each named defendant can be held liable under each cause of action asserted against him/it." Dkt. # 72 at 4.

     Plaintiff timely filed a second amended complaint, asserting claims against the City of

ORDER OF DISMISSAL - 1

Seattle and/or the Seattle Police Department. Dkt. # 73. His factual allegations are as follows:

(a) Detective Smith trespassed and conducted an unreasonable seizure of a Surface Go tablet on October 2, 2019;

(b) Detective Sandbeck seized a Surface Pro pursuant to a warrant;

(c) Autumn Harris and Dee Morrill unreasonably denied requests for accommodations under the Americans with Disabilities Act;

(d) the City Attorney has filed a series of charges against plaintiff, then dismissed them without prejudice;

(e) Detective Sandbeck provided sworn statements to obtain two warrants related to plaintiff;

(f) the City Attorney requested a significant bail bond, which plaintiff forfeited;

(g) Detective Sandbeck filed a "SUPERFORM" claiming that plaintiff had suicidal ideation, resulting in limitations on his liberty;

(h) the Seattle Police Department seized $17,000 worth of items from plaintiff under a valid search warrant;

(i) the City Attorney "made it sound promising" that the City would refile one or more charges that had been dismissed without prejudice (although plaintiff doubts whether the prosecution would be timely or whether the City could prove its case);

(j) Detective Sandbeck disclosed information regarding his investigation in King County District Court despite possible exemptions from or prohibitions against disclosure; and

(k) the City Attorney pressed stalking charges against plaintiff.

Dkt. # 73 at 3-5. Based on these facts, plaintiff asserts against the City of Seattle and/or the

Seattle Police Department a § 1983 claim for violations of the Fourth Amendment and state law

claims of trespass, false arrest, false imprisonment, malicious prosecution, defamation, and

intentional infliction of emotional distress. Dkt. # 73 at 2. Plaintiff seeks an award of damages

and declaratory relief.

Two weeks after filing his amended complaint, plaintiff filed a motion for leave to add

ORDER OF DISMISSAL - 2

Detective Sandbeck as a defendant, alleging that Detective Sandbeck's sworn statements and the resulting warrants caused the unlawful searches and seizures and refiled criminal charges of which he complains. Dkt. # 77 at 2. Plaintiff also alleges that "someone claimed to be Evan Hoovler, spouse of AnneMarie McDowell Hoovler, stated the plan was well-planned when Mrs. Hoovler contacted by Detective Sandbeck back in office on August 5th, 2019." Dkt. # 77 at 2. The City of Seattle filed a motion to dismiss the amended complaint and requested that the Court deny the motion to amend. Dkt. # 78.

Having reviewed the papers submitted by the parties, including plaintiff's sur-reply, and the remainder of the record, the Court finds that the case should be dismissed and that further amendment as proposed by plaintiff would be futile. Plaintiff's factual allegations do not give rise to a plausible inference that Detective Sandbeck engaged in unlawful activity, that any of the conduct alleged was the result of a municipal policy or practice, or that plaintiff is entitled to relief under any of the claims asserted. As was previously the case, many of the allegations are conclusory charges of unlawful activity, and the bare factual allegations regarding searches/seizures and the filing of charges are as consistent with lawful activity as with unlawful activity.

//

//

//

ORDER OF DISMISSAL - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

For all of the foregoing reasons, the City's motion to dismiss the amended complaint is GRANTED and plaintiff's motion to amend is DENIED as futile. Because plaintiff's claims are deficient, he is not likely to succeed on the merits: the third motion for appointment of counsel is also DENIED. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.

Dated this 2nd day of July, 2020.

Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL - 4